UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DENTONS US LLP,

                Petitioner,

        - against -

JINSHU "JOHN" ZHANG,

                Respondent.

**ORDER**

21 Misc. 462

---

PAUL G. GARDEPHE, U.S.D.J.:

        Petitioner Dentons US LLP ("Dentons") moves pursuant to Federal Rule of Civil Procedure 5.2(d) for leave to initiate a civil case under seal by filing a petition to confirm an emergency arbitration award (the "Petition"). (See Motion (Dkt. No. 4))

        In support of its application, Petitioner states that, pursuant to a confidentiality provision in an agreement between the parties, the Petition and supporting documents must be filed under seal. (Id. ¶¶ 3, 6) In relevant part, the agreement provides that "[a]ll proceedings, correspondence, documents, and communications concerning any arbitration pursuant to this Agreement shall be deemed to be 'Confidential Information' subject to the provisions of this agreement. All complaints, petitions, actions, motions or other documents filed in any federal or state court in connection with . . . any provision of this Agreement shall be filed under seal. . . ." (Id. ¶ 3 (quoting Agreement § 12.10.3))

        Petitioner asserts that good cause for sealing exists, because "the issues underlying enforcement of the Emergency Award include highly confidential and sensitive matters relating to attorney-client communications, firm operations and financial information, and partner compensation, among other things." (Id. ¶ 8)

        A presumption of public access applies to "judicial documents," which are

documents "'relevant to the performance of the judicial function and useful in the judicial process.'" Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006) (quoting United States v. Amodeo, 71 F.3d 1044, 1049 (2d Cir. 1995)). "Petitions to confirm arbitration awards, and their attendant memoranda of law and supporting documents, are 'judicial documents that directly affect[] the Court's adjudication' of the confirmation petition. . . ." Alexandria Real Estate Equities, Inc. v. Fair, No. 11 CIV. 3694 LTS, 2011 WL 6015646, at *2 (S.D.N.Y. Nov. 30, 2011) (quoting Church Ins. Co. v. Ace Prop. & Cas. Ins. Co., No. 10 Civ. 698(RJS), 2010 WL 3958791, at *1 (S.D.N.Y. Sept. 23, 2010)).

"[D]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to preserve that interest. Broad and general findings by the trial court, however, are not sufficient to justify closure." Lugosch, 435 F.3d at 120 (internal citation and quotation marks omitted).

Here, Petitioner contends that sealing is appropriate because the parties agreed to file under seal any papers associated with an arbitration proceeding. Confidentiality agreements alone are not an adequate basis for sealing, however. See, e.g., Bernsten v. O'Reilly, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018) ("Courts in this district have long held that bargained-for confidentiality does not overcome the presumption of access to judicial documents.") (collecting cases); First State Ins. Co. v. Nat'l Cas. Co., No. 13 Civ. 704(AJN), 2013 WL 8675930, at *1 (S.D.N.Y. Feb. 19, 2013) (denying motion to seal documents submitted in connection with a petition to confirm an arbitration award, because "[t]he assertion that disclosure violates a separate confidentiality order is insufficient"); Aioi Nissay Dowa Ins. Co. Ltd. v. ProSight Specialty Mmgt. Co., Inc., No. 12 Civ. 3274(JPO), 2012 WL 3583176, at *6 (S.D.N.Y. Aug. 21, 2012) ("Respondents do not point to any specific information contained in the Final Award the

2

disclosure of which would be harmful to any party.  They simply argue that disclosure of the Final Award – which constitutes 'Arbitration Information' under the parties' confidentiality agreement – is inconsistent with the parties' agreement.  However, while enforcement of contracts is undeniably an important role for a court, it does not constitute a 'higher value' that would outweigh the presumption of public access to judicial documents.  Courts in this District have held that 'the mere existence of a confidentiality agreement covering judicial documents is insufficient to overcome the First Amendment presumption of access,' Alexandria Real Estate, 2011 WL 6015646, at *3, and have consistently refused to seal the record of a petition to confirm an arbitration award, notwithstanding the existence of such an agreement.").

Petitioner's conclusory assertion that "the issues underlying enforcement of the Emergency Award include highly confidential and sensitive matters relating to attorney-client communications, firm operations and financial information, and partner compensation, among other things" (Motion (Dkt. No. 4) ¶ 8) is insufficient under Lugosch.

Petitioner has also made no effort to present a "narrowly tailored" sealing request, as Lugosch requires.  See Lugosch, 435 F.3d at 120; Cunningham v. Cornell Univ., No. 16-cv-6525 (PKC), 2019 WL 10892081, at *1 (S.D.N.Y. Sept. 27, 2019))  Petitioner instead seeks to seal the action in its entirety.  (See Motion (Dkt. No. 4) at 1)

Absent a showing that sealing is "essential to preserve higher values" and that such sealing is "narrowly tailored to preserve that interest," Lugosch, 435 F.2d at 120, a motion to seal cannot be granted.

Accordingly, Petitioner's motion to initiate a civil case under seal is denied.  The

Clerk of Court is directed to terminate the motion (Dkt. No. 4).

Dated: New York, New York
        May 28, 2021

                                        SO ORDERED.

                                        _____
                                        Paul G. Gardephe
                                        United States District Judge, Part I

4